UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DREW MATTHEW WALBURN,           )<br>                                                                )<br>                       Plaintiff,       )<br>                                                                )<br>             v.                                     )       No. 1:21-cv-02038-JPH-MPB<br>                                                                )<br>INDIANA DEPARTMENT OF      )<br>CORRECTIONS,                               )<br>                                                                )<br>                       Defendant.     ) | |

**Order Granting Motion for Leave to Proceed *in Forma Pauperis*, Screening Complaint, and Directing Further Proceedings**

Plaintiff, Drew Walburn, is an inmate at New Castle Correctional Facility ("New Castle"). He alleges that his constitutional rights have been violated during his incarceration at both New Castle and Westville Correctional Facility ("Westville"). Mr. Walburn's motion for leave to proceed *in forma pauperis* is granted, his complaint is dismissed, and he shall have **through August 23, 2021**, in which to pay an initial partial filing fee and file an amended complaint.

**I. Motion for Leave to Proceed *in Forma Pauperis***

Mr. Walburn's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that he is assessed an initial partial filing fee of Twenty-Four Dollars and Ninety-Nine Cents ($24.99). *See* 28 U.S.C. § 1915(b)(1). Mr. Walburn shall have **through August 23, 2021**, in which to pay this sum to the clerk of the district court.

Mr. Walburn is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding

1

month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Walburn and his custodian.

## II. Screening and Dismissing the Complaint

### A. Screening Standard

Because Mr. Walburn is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

### B. Discussion

Mr. Walburn brings this action against the Indiana Department of Correction ("IDOC"). He alleges that the IDOC has been "solely responsible" for

his safety, security, and medical care during his incarceration. Dkt. 1 at 2. From February 7, 2019, to July 1, 2019, prison officials at both Westville and New Castle failed to provide adequate medical care and mental health care. Additionally, on multiple occasions in May and June 2021, Mr. Walburn did not receive out-of-cell recreation. For relief, Mr. Walburn requests monetary damages and injunctive relief.

This action is brought under 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2021). The Court understands Mr. Walburn to assert an Eighth Amendment claim regarding the conditions of his confinement and the adequacy of the medical care he has received against IDOC.

But, Mr. Walburn cannot proceed with these claims. "The Eleventh Amendment "grants states immunity from private suits in federal courts without their consent. An agency of the state receives this same immunity." *Nunez v. Ind. Dep't of Child Servs.,* 817 F.3d 1042, 1044 (7th Cir. 2016) (internal citations omitted); *de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019). Because IDOC is a state agency that receives Eleventh Amendment immunity, Mr. Walburn's claims against it are **dismissed for failure to state a claim upon which relief can be granted**.

Mr. Walburn has not pleaded a viable claim in his complaint. Therefore, it must be **dismissed**.

**C. Opportunity to Amend**

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Mr. Walburn shall have **through August 23, 2021**, to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

Any amended complaint should have the proper case number, 1:21-cv-02038-JPH-MPB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation that Mr. Walburn wishes to pursue in this action.

Mr. Walburn is notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Additionally, Indiana's two-year statute of limitations for personal-injury claims applies to § 1983 claims. *Miles v. Vanderburgh Cty. Jail*, 335 F. App'x 633, 635 (7th Cir. 2009); *see also Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016) ("Claims brought under § 1983 are governed by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred.").

Any amended complaint will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

### III. Conclusion

Mr. Walburn's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that he is assessed an initial partial filing fee of Twenty-Four Dollars and Ninety-Nine Cents ($24.99). He shall have **through August 23, 2021,** to pay this amount to the clerk of the district court.

Mr. Walburn's complaint is **dismissed** for failure to state a claim upon which relief can be granted. He shall have **through August 23, 2021,** to file an amended complaint.

**SO ORDERED.**

Date: 7/26/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DREW MATTHEW WALBURN
278621
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362