UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DREW MATTHEW WALBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02038-JPH-MPB |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening Amended Complaint, Dismissing Amended Complaint, and
Directing Filing of Second Amended Complaint**

Plaintiff Drew Matthew Walburn is a prisoner currently incarcerated at New Castle
Correctional Facility ("New Castle"). On July 14, 2021, he initiated this civil action against the
Indiana Department of Correction ("IDOC") under 42 U.S.C. § 1983 alleging violations of his rights
under the United States Constitution based on events that occurred during his incarceration at New
Castle and Westville Correctional Facility ("Westville"). Dkt. 1. The Court screened his complaint
and dismissed it for failure to state a claim under 28 U.S.C. § 1915(b) because IDOC is a state agency
that receives Eleventh Amendment immunity. Dkt. 5. The Court gave Mr. Walburn an opportunity to
amend, and he filed an amended complaint on August 24, 2021. Dkt. 8. The Court now screens the
amended complaint.

## I. Screening Standard

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an
obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the
defendants.  Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous
or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is
immune from such relief.  In determining whether the complaint states a claim, the Court applies the

same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

As a preliminary matter, the Court notes that Mr. Walburn failed to sign his amended complaint. *See* dkt. 8. This failure would normally constitute cause to strike the amended complaint. Nonetheless, because the Court will allow Mr. Walburn one more opportunity to amend his complaint, the amended complaint will be screened despite this deficiency.

In his amended complaint, Mr. Walburn names 5 defendants: (1) the State of Indiana; (2) John Galipeau, the warden of Westville; (3) Mark Sevier, the warden of New Castle; (4) Recreation Officer Dugan; and (5) Correction Officer Pitcher. Mr. Walburn bases his amended complaint on the following allegations:

Mr. Walburn arrived at Westville on or about February 7, 2020. He tested positive for COVID-19 on April 13, 2020. He became extremely ill and was not offered medical care by the staff at Westville. Mr. Walburn received the Moderna COVID-19 vaccine at Westville.

On or about April 7, 2021, Mr. Walburn was transferred to New Castle and placed in the psychiatric unit. During his time at New Castle, Mr. Walburn was denied medical care by New Castle staff. On May 6, 2021, Mr. Walburn received the first dose of the Pfizer COVID-19 vaccine. He received the second dose on May 27, 2021. From May 27, 2021, to June 26, 2021, Mr. Walburn was denied out-of-cell recreation. On June 29, 2021, Mr. Walburn was again denied out-of-cell recreation.

### III. Dismissal of Amended Complaint

The Court understands Mr. Walburn to again be pursuing claims under § 1983. Applying the screening standard to the facts alleged in the amended complaint, the amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, § 1983 allows a plaintiff to seek relief against a "person" who violates the Constitution while acting under color of law. 42 U.S.C. § 1983. The State of Indiana is not a "person" for purposes of § 1983. *See Rose v. Bd. of Election Comm'rs for City of Chicago*, 815 F.3d 372, 374 n.2 (7th Cir. 2016). Thus, Mr. Walburn's claims against the State of Indiana are dismissed for failure to state a claim upon which relief can be granted.

Second, Mr. Walburn's claims against Warden Galipeau, Warden Mark Sevier, Recreation Officer Dugan, and Correction Officer Pitcher fail because he makes no allegations against them. "For constitutional violations under § 1983 . . . , a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted). That is, "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failure to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Because there are no allegations of misconduct on the part of Warden Galipeau, Warden Sevier, Recreation Officer Dugan, or Correction Officer Pitcher, the claims against them must be dismissed for failure to state a claim upon which relief can be granted.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the amended complaint is subject to dismissal.

### IV. Opportunity to File a Second Amended Complaint

The dismissal of the amended complaint will not in this instance lead to the dismissal of the action at present. Instead, the Court will give the plaintiff one final chance to amend his complaint to

state a viable claim. The plaintiff shall have **through December 13, 2021, to file a second amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The second amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. **The second amended complaint must also be signed. If the plaintiff does not sign any second amended complaint, the Court will strike it from the record and disregard it.**

Any amended complaint should have the proper case number, 1:21-cv-2038-JPH-MPB and the words "Second Amended Complaint" on the first page. The second amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action. It must also set out all relief that the plaintiff seeks in this action.

Finally, the Seventh Circuit has explained that "[u]nrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Thus, the plaintiff should not include claims based on circumstances that occurred while incarcerated at Westville Correctional Facility in the same complaint as claims based on circumstances that occurred while incarcerated at New Castle Correctional Facility.

If the plaintiff files a second amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no second amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 11/12/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DREW MATTHEW WALBURN
278621
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362